UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

OSCAR ANTONIO SERRANO
SERRANO

VERSUS

U.S. IMIMGRATION AND CUSTOMS
ENFORCEMENT, ET AL.

CIVIL ACTION

NO. 25-1008-SDD-RLB

## ORDER AND JUDGMENT

Before the Court is Respondents' Motion to Dismiss as Moot (Doc. 5). Respondents represent that Petitioner Serrano Serrano has been removed from the United States, and so his habeas claim is now moot and should be dismissed. Petitioner has filed no objection, and the time to do so has passed.

A case becomes moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To remain an active "case or controversy", "parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Id.* (quoting *Lewis*, 494 U.S. at 477).

> For a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution. *Spencer*, 523 U.S. at 7. The petitioner presents an Article III controversy when he demonstrates "some concrete

and continuing injury other than the now-ended incarceration"—a "collateral consequence of the conviction." *Id.* (internal quotations removed).

Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Petitioner challenged not his removal order or deportation, but the constitutionality of detention itself. Because the detention in question has ended and there are no collateral consequences asserted,[1] there is no longer a live case or controversy. *See Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015) (citing *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986). In other words, because Petitioner has been released from detention—even released by deportation—he no longer has a stake in the outcome of this case regarding the lawfulness of that detention.

And so, **IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss as Moot (Doc. 5) is **GRANTED**, and this matter is **DISMISSED AS MOOT**.[2]

Signed in Baton Rouge, Louisiana, on <u>March 10, 2026</u>.

_____
CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] That is, they were not raised in either the Petition or in response to the Motion to Dismiss.

[2] "A dismissal on mootness grounds is without prejudice to future suits on the merits of the same claim." *Wilderness Soc. v. Salazar*, 603 F. Supp. 2d 52, 72 (D.D.C. 2009) ; *see also Payne v. Panama Canal Co.*, 607 F.2d 155, 158 (5th Cir.1979) (holding that "[t]he dismissal without prejudice of the prior actions on grounds of mootness does not serve as a final adjudication on the merits so as to bar this action").